Withers, J.
delivered the opinion of the Court.
It will be expedient to confine the judgment to be pro-hounced to the sole and precise question presented by the case. It arises out of the following state of facts, which are, assumed to be true, at any rate for this occasion, to wit:
The action is brought against defendant, as administrator :• it rests on notes executed by the intestate, barred by the Statute of Limitations upon their face, but revived by the maket *354 just before his death, and in relation to which the defendant, while occupying the position of executor de son tort, and within four years of the revival by the intestate, admitted that the notes were due, and said “ if they would give him a little chance, he would pay the amount.” Within four years of this admission and promise, the defendant took out letters of administration, and the question is, do the admission and promise, while executor of his own wrong, bind him when sued as rightful administrator, and thus avoid the bar of the Statute ?
The affirmative is based on the proposition that the grant of administration to one who has incurred the liabilities of executor de son tart, legalizes his acts from the time the goods came to his hands. The root of the doctrine may be seen in Coulter's case, Coke’s Rep. 5th part, p. 30. The resolution of the Court was, that all lawful acts done by an executor de son tort, disseizor, or abator, are good; one example given is, that if disseizor or abator endowed a woman who was dowable, this shall bind the disseizee — and that circuity of action would be thereby prevented, is one of the reasons assigned. It will probably be found that the doctrine, in its true terms and extent, has reference to acts done in relation to the goods of the estate in the wrong-doer’s hands, which, if he had been a rightful representative, would have been lawful and proper, and supported materially by the consideration that rights of third parties may have intervened. It may well be true that acts of the description specified may not be dis-affirmed by one who has obtained the rightful administration.
We do not think that any principle which the Courts have established upon this subject, will sustain the conclusion which the Circuit Judge attained. No case has been found precisely upon the point. It would seem, however, obvious, that such an undertaking as was made by the defendant in this case could scarcely be binding upon a different person Who may have received letters of administration. When the promise was made by the defendant, he was a tort feasor in contemplation of law, and not the legal representative of the estate of the deceased, so far as the interests of that estate were concerned. It is not to be overlooked that the inclinations of the Courts, in modern times at least, is not to look with favor upon legal representatives, who, by new promises, prevent the bar of the Statute, or who fail to plead it in cases where it may be applied. In this tendency is to be seen a regard for distribu-tees, legatees and heirs, whose interests are directly involved. If my recollection be correct, it has been announced by the Equity jurisdiction that the representative of an estate ought to plead the Statute against a demand that is barred; and we *355 think it would be full of danger to permit one who is in the attitude of a wrong-doer, who has not come under obligation to the Ordinary, who has given no security for the benefit of those interested, to establish, by admissions, liabilities upon an estate he does‘not legally represent — and thus, it might be, fraudulently aid in tire perpetration of great mischief.
It should be observed that what is now said has nothing to do with any question that might be raised against an executor of his own wrong, to charge him personally where he may have made a contract in such form and upon such consideration as would have that effect; nor has it any thing to do with actions instituted against executors de son tort, as such. This action is against one in his character of rightful administrator, and we only determine that the promise of the same person, when he occupied the other position, shall not serve to charge an estate now lawfully in his custody, in which those are interested who had no manner of control over him at the time it is supposed he fixed the liability in question.
Nor do we decide upon the footing of the case of Serle v. Waterworth, 4 Meeson and W., 9, which was cited as a conclusive authority for the defendant. That case has been examined, and it does not touch this question; and, contrary to what might be inferred from a reference to it in Chitty on Contracts, and Stephen’s Nisi Prius, the judgment was against the defendant in that case. She was the widow of a hair-dresser who died in October, (perhaps) 1836. She kept open his shop, but sold nothing, and caused an inventory to be made, when a bond for £100 was produced by a creditor against her husband. It was necessary to keep the shop open as an entrance to the dwelling. In January, 1837, a creditor, who had furnished her husband with goods, presented his demand, and she gave her note for the amount, payable at 12 months. This was the cause of action. In March, after the date of the note, she took out letters of administration. Though a verdict was found for her at nisi prius, it was ordered that judgment be entered for plaintiff non obstante veredicto, upon the ground that though she was not liable as executrix de son tort, yet she was personally, for the creditor was restrained from suing for 12 months, restrained from administering himself, and there was, therefore, consideration enough to support the note. She was not sued as administratrix.
A new trial is ordered. ■
Richardson, J. O’Neall, J. Evans, J. and Wardlaw, J. concurred.

Nexo trial ordered.